Karen LAMARCO, Plaintiff— Appellant,

v.

CIGNA CORPORATION; Life Insurance Company of North America; the Tularik Inc. Welfare and Benefit Plan, Defendants—Appellees.

No. 01–15129.
D.C. No. CV–99–00561–MJJ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 2002.

Decided March 28, 2002.

Before RYMER, KLEINFELD, and McKEOWN, Circuit Judges.

## MEMORANDUM *

Karen LaMarco appeals the district court's dismissal, following a bench trial, of her action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461, seeking residual partial benefits, as well as the district court's denial of her motion for new trial. We have jurisdiction under 28 U.S.C. § 1291 and we affirm in part and dismiss in part as moot.

■ The district court's finding that La-Marco is able to work in "any occupation" in which she might reasonably be expected to engage given her physical and mental capacity is not clearly erroneous. *See Deegan v. Continental Cas. Co.*, 167 F.3d 502, 506, 509 (9th Cir.1999) (standard of review). None of LaMarco's medical records states that she is unable to work, and there is evidence in the record that she had been working part time and exercising regularly. LaMarco was given a "full and fair review" by the plan administrator, including two requests that she submit any evidence that might refute the administrator's finding that she is not totally disabled.

■ Nor did the district court abuse its discretion in denying LaMarco's motion for new trial. While the district court may direct submission of additional evidence, whether to do so is committed to its sound discretion. *See Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 943–44 (9th Cir.1995). La-Marco had been given several opportunities to submit additional medical evidence to the Life Insurance Company of North America ("LINA"), and agreed to trial on the administrative record. The court committed no manifest error of law in failing to seek more information on its own. Additionally, there is nothing in the record that was before the district court that shows a manifest error of fact. Finally, LaMarco's new evidence was not "newly discovered" because it was clearly available to her before trial.

■ Because we affirm the denial of LaMarco's claims against the Tularik, Inc. Welfare and Benefits Plan on the merits, her identical claims against CIGNA Corporation ("CIGNA") and LINA are barred by collateral estoppel. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Thus LaMarco's contention that the district court erred in dismissing her claims for insurance benefits against CIGNA and LINA is moot.

AFFIRMED in part and DISMISSED in part as moot.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.